**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
|---|---|
| v. | : NO. 21-229 |
| MICHAEL GOLDNER | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                 **October 13, 2021**

The grand jury returned an indictment charging a citizen with tax evasion for the tax years 2013 to 2017. The grand jury alleged, among other things, facts related to his earlier tax-related conviction resulting in restitution allegedly paid by his employer, his failure to report compensation paid by his employer on his behalf, and his conduct in failing to pay taxes after the tax years 2013–2017 at issue. The citizen now moves to strike these allegations as not relevant and prejudicial. We disagree with the citizen because we find the challenged allegations relevant to his alleged evasion of tax assessments and payments.

**I.    Background**

The grand jury charged Michael Goldner with one count of tax evasion.[1] Mr. Goldner allegedly failed to pay tax bills for tax years 2013 to 2017.[2] Mr. Goldner accrued $1,858,740 of outstanding tax liabilities by January 2019.[3] The Internal Revenue Service sent Mr. Goldner numerous notices of this tax deficiency between 2016 and 2020.[4] He failed to file personal income tax returns for tax years 2018 through 2020.[5]

The grand jury alleged Mr. Goldner undertook affirmative acts to evade tax payment.[6] It alleged Mr. Goldner's employer, Midtown Resources, paid his personal expenses, including restitution obligations from a 2016 wire fraud and tax evasion conviction.[7] Judge McHugh

sentenced Mr. Goldner to five years' probation and ordered him to pay almost $5 million in restitution.[8] The grand jury also charges Mr. Goldner filed tax returns without reporting compensation and expenses Midtown Resources paid for him in 2016 and 2017.[9]

The grand jury included these allegations in two paragraphs and two portions of another paragraph of the Indictment relating to Mr. Goldner's 2016 conviction, restitution sentence, failure to pay taxes from 2018 to 2020, and failure to report income his employer paid to him or on his behalf:

> 3.  From 2007 to 2011, defendant MICHAEL GOLDNER raised money from numerous individuals for various real estate projects. Defendant GOLDNER made fraudulent misrepresentations to these individuals regarding the projects. Defendant GOLDNER also embezzled funds entrusted to him to pay taxes on behalf of clients. As a result of this conduct, defendant GOLDNER was charged with wire fraud and tax evasion in the Eastern District of Pennsylvania (case number 15-002). On or about July 15, 2016, the defendant was sentenced to five years' probation and ordered to pay $4,986,266.00 in restitution.
>
> 11.  Defendant MICHAEL GOLDNER did not file personal income tax returns for the years 2018, 2019, and 2020.
>
> 12.  From on or about January 4, 2016 through on or about December 31, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant . . .
>
> (c) arranged to have Midtown Resources pay personal expenses for him, including the mortgage on the house where his family resided, rent for an apartment where he resided, service for his pool, dance classes for his daughter, a vacation for his family, *and payments toward the restitution defendant GOLDNER owed from the judgment in criminal case number 15-002*;[[10]]
>
> (d) filed tax returns for the years 2016 and 2017 that failed to report compensation and expenses that Midtown Resources paid on his behalf.[11]

## II.  Analysis

Mr. Goldner moves to strike paragraphs 3, 11, and 12(c) and (d) from the indictment as irrelevant and prejudicial surplusage under Federal Rule of Criminal Procedure 7(d).[12] The United States responds the paragraphs include relevant information.[13] We agree with the United States

2

because—although the challenged paragraphs contain evidence arguably inadmissible at trial—the challenged paragraphs include relevant information.

Rule 7(d) protects defendants from prejudicial allegations irrelevant to an indictment.[14] We may strike allegations if they are "both irrelevant (or immaterial) and prejudicial."[15] Judges "rarely" grant motions to strike language in indictments charging tax evasion because of this conjunctive standard.[16] Courts can guard against possible prejudice arising from an indictment by instructing a jury to only consider the admitted evidence at trial.[17]

Evidence is relevant if it has any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[18] This standard is "not high."[19] Even "where language in an indictment is not essential to the charges contained therein, the language will not be stricken as surplusage in cases where the language is relevant in a general sense to the overall scheme alleged in the indictment."[20]

The United States must prove beyond a reasonable doubt to convict on tax evasion: "1) the existence of a tax deficiency, 2) an affirmative act constituting an attempt to evade or defeat payment of the tax, and 3) willfulness."[21] An affirmative act is "anything done to mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency."[22] Affirmative acts of evasion involve "concealment of the taxpayer's ability to pay his or her taxes or the removal of assets from the reach of the Internal Revenue Service."[23] Concealment of assets and income through others is also considered an affirmative act of evasion.[24] If the affirmative act element is satisfied, "there is no question that willfulness is also present."[25]

Willfulness is a "voluntary, intentional violation of a known legal duty."[26] The United States must prove beyond a reasonable doubt (1) the law imposed a duty on Mr. Goldner; (2) he

knew the duty; and (3) he voluntarily and intentionally violated the duty.[27] Willfulness may be inferred from circumstantial evidence or a pattern of conduct, "the likely effect of which would be to mislead or to conceal."[28] Willful tax evasion may be proven by "a consistent pattern of underreporting large amounts of income and by the taxpayer's failure to include all his income on his books and records."[29]

### A. Midtown Resources's payment of Mr. Goldner's restitution arising from his 2016 conviction is relevant.

Mr. Goldner moves to strike paragraphs 3 and 12(c), which describe Mr. Goldner's 2016 conviction leading to his decision to have his employer, Midtown Resources, pay restitution he owed for the conviction.[30] Mr. Goldner argues the 2016 conviction and restitution payments are irrelevant and prejudicial because they bear no relation "both factually and temporally to the charge at issue."[31] The United States responds the allegations prove Mr. Goldner's concealment of his assets and his ability to pay taxes.[32] We agree with the United States.

Mr. Goldner's earlier conviction and the restitution payments are relevant to the charged offense of tax evasion. Mr. Goldner arranged Midtown Resources to pay restitution for him. Such income concealment is an affirmative act of tax evasion.[33] The convictions leading to the restitution may constitute prejudicial evidence, but they do not extinguish the relevance of Midtown Resources paying Mr. Goldner's restitution because it concealed his true income.

We may later find this evidence inadmissible under Rule of Evidence 403.[34] The unfair prejudice of Mr. Goldner's previous conviction may outweigh its probative value, especially considering its similarity to his present charges. We also may find it inadmissible as propensity evidence under Rule 404(b).[35] But we today only determine whether the evidence is relevant.[36] Because the evidence of Midtown Resources paying restitution constitutes relevant affirmative acts of tax evasion, we deny Mr. Goldner's Motion to strike paragraphs 3 and 12(d).

      **B.**     **Mr. Goldner's failure to report compensation and expenses Midtown Resources paid on his behalf is relevant.**

Mr. Goldner moves to strike paragraph 12(d), in which our grand jury charges he failed to report compensation and expenses Midtown Resources paid on his behalf.[37] Mr. Goldner argues his failure to report is irrelevant and prejudicial because the conduct bears no relation to tax evasion.[38] The United States argues the allegations show Mr. Goldner misled the Service regarding his true assets.[39] We agree with the United States.

Paragraph 12(d) is relevant to tax evasion. Mr. Goldner misstated his tax returns by concealing the amount of compensation and expenses his employer paid for him. The affirmative act requirement for tax evasion includes misstating tax returns through wage concealment.[40] Mr. Goldner concedes this evidence "concern[s] assessed taxes for 2016 and 2017," but argues we should exclude it as propensity evidence.[41] We will not presently determine such evidentiary issues, only relevance and prejudice. This information is relevant to the charged offense because affirmative acts are sufficient to show willfulness.[42] We deny Mr. Goldner's motion to strike paragraph 12(d).

      **C.**     **Mr. Goldner's failure to file income tax returns from 2018 to 2020 is relevant.**

Mr. Goldner moves to strike paragraph 11 of the Indictment, in which the grand jury charges Mr. Goldner "did not file personal income tax returns for the years 2018, 2019, and 2020."[43] He argues these facts are irrelevant and prejudicial because they have no bearing on "whether he has willfully attempted to evade . . . income tax assessed for earlier tax years."[44] The United States responds these allegations are relevant because they reflect Mr. Goldner's willful attempts to conceal his income and evade payment of taxes already due.[45] We find the allegations relevant.

The "mere failure to *file* a tax return cannot, by itself, support a finding that [defendant] affirmatively attempted to evade the payment of taxes."[46] "Only affirmatively evasive acts—acts intending to conceal—are punishable under [section] 7201."[47] The grand jury charged Mr. Goldner with both evading assessment and payment of taxes from years 2013 through 2017 under section 7201.[48] In evasion of payment cases, the "required affirmative act generally occurs after the filing."[49] Neither party here, however, cites cases handling motions to strike allegations the defendant failed to file tax returns after the Service issued assessments for **previous** years.

We find Mr. Goldner's failure to file returns for tax years 2018 through 2020 relevant to his evasion of tax assessments and payments for tax years 2013 through 2017 because his failures to file returns show his propensity to evade tax laws. Mr. Goldner's mere failures to file taxes for different tax years than the years at issue do not constitute direct evidence he committed tax evasion.[50] But his failures to file in tax years 2018 through 2020 evince a pattern of disregarding his tax obligations, which would allow a jury to infer Mr. Goldner evaded his tax obligations from 2013 through 2017. These allegations do not constitute "essential" evidence, but they are at least "relevant in a general sense to the overall scheme" alleged.[51]

The evidence's relevance for propensity does not make it admissible. "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[52] But we today only decide whether the evidence is relevant. Character evidence is relevant.[53] We deny motions to strike even while acknowledging the challenged allegations may be inadmissible under Rule 404(b).[54] We deny Mr. Goldner's Motion to strike paragraph 11 remaining mindful of the "exacting standard" we must apply to motions to strike surplusage.[55] We do not decide whether the evidence is admissible at trial; we only find the evidence is relevant because it at least

constitutes relevant character evidence. The parties may challenge the evidence's admissibility through motions in limine.

## III. Conclusion

Michael Goldner moves to strike surplusage from the Indictment charging him with one count of tax evasion. Federal Rule of Criminal Procedure 7(d) permits us to strike surplusage in an indictment if the allegations are not relevant and prejudicial. We deny Mr. Goldner's Motion to strike the challenged information because it is relevant to the charged tax evasion offense.

---

[1] 26 U.S.C. § 7201; ECF Doc. No. 1.

[2] ECF Doc. No. 1 ¶¶ 4–8.

[3] *Id.* ¶ 8.

[4] *Id.* ¶ 9.

[5] *Id.* ¶ 11.

[6] *Id.* ¶ 12.

[7] *Id.* ¶ 12(c).

[8] *Id.* ¶ 3; Judgment, ECF Doc. No. 48 at 2–5, *United States v. Goldner*, No. 15-2 (E.D. Pa. July 20, 2016).

[9] ECF Doc. No. 1 ¶ 12(d). The grand jury charged Mr. Goldner with two other affirmative acts to evade payment: (1) directing his employer to deposit compensation into his wife's bank account and (2) cashing checks written to him where the funds were held. *Id.* ¶ 12(a–b).

[10] Mr. Goldner moves to strike only the emphasized portion of paragraph 12(c).

[11] *Id.* ¶¶ 3, 11, 12, 12(c) (emphasis added), 12(d).

[12] ECF Doc. No. 20. "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d).

[13] ECF Doc. No. 23.

[14] *United States v. Hedgepath*, 434 F.3d 609, 612 (3d Cir. 2006); *see also* Fed. R. Crim. P. 7(d) advisory committee note ("This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial.").

[15] *Hedgepath*, 434 F.3d at 612. "[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion." *Id.*

[16] *Id.* at 611.

[17] *See id.* at 613 ("Hedgepath's claim of prejudice fails . . . as information never revealed to the jury could not have prejudiced its deliberations."); *United States v. Kraynak*, No. 17-403, 2021 WL 3077505, at *6 (M.D. Pa. July 20, 2021) (denying a motion to strike because risk of prejudice is mitigated by jury instructions where "the [c]ourt will advise the jury that the indictment is not evidence, and that the jury must solely follow the law as explained by the [c]ourt"); *United States v. Caruso*, 948 F. Supp. 382, 392 (D.N.J. 1996) ("[D]efendant's claims of prejudice stemming from the language in the indictment can be more than adequately addressed with instructions to the jury that they are not to consider the indictment as evidence and that the indictment should not be relied upon as providing any inference of guilt against the defendant.").

[18] *United States v. Kemp*, 500 F.3d 257, 295 (3d Cir. 2007) (quoting Fed. R. Evid. 401); *see also United States v. Ding*, No. 15-35, 2015 WL 4111715, at *2 (E.D. Pa. July 8, 2015) (applying Federal Rule of Evidence 401 to determine relevancy for a Rule 7(d) motion to strike).

[19] *Kemp*, 500 F.3d at 295 (quoting *United States v. Steele*, 685 F.2d 793, 808 (3d Cir. 1982)).

[20] *Caruso*, 948 F. Supp. at 392.

[21] *United States v. McGill*, 964 F.2d 222, 229 (3d Cir. 1992).

[22] *Id.* at 230.

[23] *Id.*; *see also United States v. McKee*, 506 F.3d 225, 234 (3d Cir. 2007) (holding defendants evaded taxes by filing tax returns misrepresenting employee wages).

[24] *McGill*, 964 F.2d at 230 ("Affirmative acts of evasion of payment include: placing assets in the name of others; dealing in currency; causing receipts to be paid through and in the name of others; and causing debts to be paid through and in the name of others." (emphasis removed)).

[25] *Id.* at 238 (internal quotations omitted).

[26] *United States v. Stadtmauer*, 620 F.3d 238, 255 (3d Cir. 2010) (quoting *Cheek v. United States*, 498 U.S. 192, 201 (1991)).

[27] *Cheek*, 498 U.S. at 201.

[28] *McGill*, 964 F.2d at 237 (quoting *Spies v. United States*, 317 U.S. 492, 499 (1943)).

[29] *United States v. Ashfield*, 735 F.2d 101, 105 (3d Cir. 1984).

[30] ECF Doc. No. 1 ¶¶ 3, 12(c).

[31] ECF Doc. No. 20 at 5.

[32] ECF Doc. No. 23 at 3–4.

[33] *McGill*, 964 F.2d at 230.

[34] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

[35] "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).

[36] *See, e.g., United States v. Kostenko*, No. 16-221, 2017 WL 1395500, at *3 (S.D. W. Va. Apr. 17, 2017) (noting certain evidence "may be unfairly prejudicial," but still denying motion to strike because "the contested allegations are relevant"); *United States v. Paulus*, No. 15-15, 2015 WL 13735785, at *6 (E.D. Ky. Nov. 25, 2015) ("Ultimately, the determinative question underlying any motion to strike surplusage is the *relevance* of the allegation to the crime charged." (emphasis in original)), *report and recommendation adopted*, No. 15-15, 2016 WL 280300 (E.D. Ky. Jan. 22, 2016).

[37] ECF Doc. No. 1 ¶ 12(d).

[38] ECF Doc. No. 20 at 6.

[39] ECF Doc. No. 23 at 5.

[40] *McKee*, 506 F.3d at 234.

[41] ECF Doc. No. 20 at 6.

[42] *See McGill*, 964 F.2d at 238.

[43] ECF Doc. No. 1 ¶ 11.

[44] ECF Doc. No. 20 at 6.

[45] ECF Doc. No. 23 at 4–5.

[46] *McKee*, 506 F.3d at 234 (emphasis in original).

[47] *McGill*, 964 F.2d at 231.

[48] *Id.* at 230 ("Section 7201 encompasses two kinds of affirmative behavior: the evasion of assessment and the evasion of payment.").

[49] *Id.*

[50] *See McKee*, 506 F.3d at 234.

[51] *Caruso*, 948 F. Supp. at 392.

[52] Fed. R. Evid. 404(b)(1).

[53] *See* Fed. R. Evid. Art. IV (titled "Relevance and its Limits").

[54] *See, e.g.*, *United States v. Burke*, No. 16-29, 2016 WL 5934693, at *3 (D. Conn. Oct. 12, 2016) (noting it is only "possible" evidence of prior convictions will be admissible under Fed. R. Evid. 404(b), but denying motion to strike it as surplusage); *United States v. Golding*, No. 13-522, 2014 WL 12669556, at *3 (E.D. Mo. Oct. 17, 2014 ("[T]he past conduct described in the challenged paragraphs is similar to the conduct alleged in the instant offense. As such, the challenged allegations . . . resemble improper propensity evidence. However, that fact alone is not a sufficient basis for striking the allegations particularly when, as set forth above, the challenged allegations are relevant to specific elements of the government's case and can be offered for reasons other than propensity."), *report and recommendation adopted*, No. 13-522, 2014 WL 12669599 (E.D. Mo. Nov. 3, 2014).

[55] § 128 Amendment of Indictments; Surplusage, 1 Fed. Prac. & Proc. Crim. § 128 (4th ed.).