IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 21-229** |
| | : | |
| **MICHAEL GOLDNER** | : | |

# ORDER

**AND NOW**, this 29th day of April 2022, upon considering Defendant's Motion to Dismiss (ECF Doc. No. 40), the United States' Response (ECF Doc. No. 46), Defendant's pre-hearing Memorandum (ECF Doc. No. 47), after evaluating the credibility of witness testimony and evidence adduced at our April 28, 2022 hearing, and finding Defendant does not meet his burden to show the United States violated his due process rights, it is **ORDERED** Defendant's Motion (ECF Doc. No. 40) is **DENIED**.[1]

_____
**KEARNEY, J.**

---

[1] Mr. Goldner moves to dismiss the grand jury indictment charging him with tax evasion and failure to pay taxes. ECF Doc. No. 40. Mr. Goldner argues the Internal Revenue Service ("IRS") destroyed Mr. Goldner's tax collection file, which violates his due process rights because the file contains irreplaceable exculpatory evidence. *Id.* at 4–5. We held an evidentiary hearing on Mr. Goldner's motion. We first heard argument on whether revenue collection officers could offer testimony and allowed limited testimony from revenue officers after Mr. Goldner demonstrated *Touhy* compliance. *See* ECF Doc. No. 48 at 1 n.1 (ordering the United States to show cause regarding why it withheld IRS officers' testimony under *Touhy* (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)).

IRS revenue officer Ettore Sacco testified about his understanding of the IRS's document management. Officer Sacco testified the IRS maintains documents regarding efforts to collect taxpayers' liabilities in three places: its Integrated Collection System ("Collection System"), its Integrated Data Retrieval System ("Retrieval System"), and a paper file. The Collection System contains a file documenting collection efforts for individual taxpayers. The file contains detailed logs of the IRS's interactions with the taxpayer, including details of notices sent to the taxpayer and conversations between the taxpayer and IRS officers. The Retrieval System is a less fulsome version of the Collection System containing entries designating the IRS's contacts with the taxpayer, but no details about the contacts themselves. The paper file contains hard copies of documents exchanged between the IRS and taxpayer. Officer Sacco testified documents from the paper file are almost always copied into the Collection System file.

Officer Sacco also testified about his understanding of the IRS's document destruction procedures. The IRS destroys a taxpayer's Collection System file and paper file under a document destruction policy. A taxpayer's Collection System file and paper file are destroyed only after an IRS officer marks a taxpayer's case "closed." An officer marks a file "closed" if communications with the taxpayer are unsuccessful. After a case is closed, the officer sends the paper file to the Federal Records Center. Officer Sacco testified his understanding is the Federal Records Center destroys the paper file after holding it for seven years. The taxpayer's Collection System file is automatically destroyed after seven years if the file is not accessed. Officer Sacco was unsure whether IRS policy mandates documents are destroyed after seven years or if he simply understands the policy to mandate destruction after seven years.

Special Agent Marita Gehan testified about Mr. Goldner's missing Collection Systems file and paper file. The IRS attempted to collect Mr. Goldner's tax liabilities for tax years 2013 through 2017 in calendar years 2015 through 2020. The collection efforts entailed automated collections and possibly field collections. The Retrieval System reflects twenty notices or inquiries the IRS issued to Mr. Goldner from 2015 to 2020 regarding his unpaid tax liabilities. But the collection officers' efforts to contact Mr. Goldner were apparently unsuccessful. Special Agent Gehan testified although the officer who worked on Mr. Goldner's collection during the relevant timeframe does not remember her work on the file, she would not have closed the case had she successfully contacted Mr. Goldner under IRS policy. The officer marked Mr. Goldner's case closed in 2016. The IRS sent the paper file to the Federal Records Center in 2016. The government opened a criminal investigation into Mr. Goldner in 2018. Mr. Goldner's Collection System file and paper file were destroyed in 2019.

Mr. Goldner argues the United States's destruction of his Collection System file and paper file violates his due process rights. We disagree.

Two Supreme Court cases govern a criminal defendant's due process rights when the government destroys exculpatory evidence. First, in *California v. Trombetta*, the Court held the United States violates a defendant's due process rights when it destroys evidence possessing "an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." 467 U.S. 479, 489 (1984). The Court held four years later in *Arizona v. Youngblood*, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially

useful evidence does not constitute a denial of due process of law." 488 U.S. 51, 58 (1988). "Thus, under *Youngblood* and *Trombetta*, a defendant must show that the government '(1) acted in bad faith when it destroyed the evidence, which (2) possessed an apparent exculpatory value and, which (3) is to some extent irreplaceable.'" *United States v. Jackman*, 72 F. App'x 862, 866 (3d Cir. 2003).

Mr. Goldner proves none of the three elements.

First, Mr. Goldner does not prove bad faith. To show bad faith, Mr. Goldner must show law enforcement officials knew, at the time the evidence was destroyed, that they were destroying potentially exculpatory evidence. *United States v. Seibart*, 148 F. Supp. 2d 559, 571 (E.D. Pa. 2001); *see also Yarris v. Cty. of Del.*, 465 F.3d 129, 142 (3d Cir. 2006) (quoting *Youngblood*, 488 U.S. at 57 n.*.). Negligence does not suffice. *Seibart*, 148 F. Supp. 2d at 571. The defendant must show the United States intentionally acted to "gain some tactical advantage" over the defendant. *United States v. Schaffer*, 777 F. App'x 581, 583 (3d Cir. 2019) (quoting *Youngblood*, 488 U.S. at 57).

Mr. Goldner adduced no evidence suggesting bad faith. The United States destroyed Mr. Goldner's Collection System file and paper file under routine IRS policy. Mr. Goldner adduced no evidence the United States destroyed his files to gain a tactical advantage in this litigation. Nor does Mr. Goldner show the United States knew his file contained exculpatory value but destroyed it anyway. All the evidence shows is the files documented the officers' unsuccessful efforts to contact Mr. Goldner. The officers marked Mr. Goldner's case closed because they could not contact Mr. Goldner. Then they sent his files for destruction. This evidence raises nothing suspect. We heard evidence the file might have been destroyed too soon because Revenue Officer Sacco suggested files should exist for seven years following their closure. But this appeared to be Officer Sacco's personal view and we do not have testimony on official IRS policy. Even if the IRS did breach policy, though, Mr. Goldner adduced no evidence allowing us to infer it did so for reasons related to this case.

Second, Mr. Goldner does not show his tax collection file contained exculpatory value apparent to the United States before it destroyed the file. "[M]ere suspicion" as to exculpatory value does not suffice. *United States v. Robinson*, 855 F. Supp. 2d 419, 423 (E.D. Pa. 2012). The United States must prove willfulness as an element of the crimes charged. *See United States v. McGill*, 964 F.2d 222, 229 (3d Cir. 1992) (citing 26 U.S.C. §§ 7201, 7203). Mr. Goldner alleges the destroyed evidence disproves his willfulness. Willfulness requires (1) the law imposed a duty on Mr. Goldner; (2) he knew the duty; and (3) he voluntarily and intentionally violated the duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991).

Mr. Goldner offers mere suspicion his file contained exculpatory evidence, which does not suffice. Mr. Goldner argues the Collection System file and paper file contained details of conversations between Mr. Goldner and IRS officers relevant to the willfulness element. He suggests the destroyed files might have contained details of conversations showing IRS officers made Mr. Goldner think he did not need to repay taxes. He alternatively suggests the file might have shown the IRS never contacted Mr. Goldner, so he never knew about his repayment obligations. But this is rank speculation. Yes, the file ***might*** have contained evidence beneficial for Mr. Goldner. But it

is just as likely the file contained evidence inculpating Mr. Goldner by documenting his conversations with IRS officers in which the officers told him of his repayment obligations. We do not know. We recognize Mr. Goldner's difficult position of proving a negative, but he did not adduce evidence from which we can infer the negative is true.

The most likely scenario is the file contained no relevant evidence Mr. Goldner does not already possess. The adduced evidence reflects an IRS officer marked Mr. Goldner's file closed in 2016, two years before his criminal investigation began. The IRS officer marked it closed because she could not contact Mr. Goldner. Indeed, the preserved Retrieval System shows the IRS's notices sent to Mr. Goldner. It does not appear the Collection System file or paper file would have contained details the available Retrieval System would not include. Mr. Goldner does not meet his burden to show the file's exculpatory information.

Even if Mr. Goldner showed the file contained exculpatory information, he does not show the exculpatory information was "apparent" to the United States. The IRS marked the file closed before investigating Mr. Goldner. We have no reason to suspect a law enforcement official combed Mr. Goldner's file to discover apparently exculpatory information before marking it closed for a criminal case which did not yet exist. We cannot make such overwhelming inferences in Mr. Goldner's favor.

Third, Mr. Goldner does not show the destroyed evidence is irreplaceable. Mr. Goldner must prove the evidence is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Trombetta*, 467 U.S. at 489. In other words, the evidence must be "irreplaceable." *United States v. Lough*, No. 17-00139, 2019 WL 1040748, at *25 (M.D. Pa. Mar. 5, 2019), *aff'd*, No. 20-2297, 2021 WL 5412593 (3d Cir. Nov. 19, 2021).

Even assuming the file contained the exculpatory evidence Mr. Goldner argues it did, Mr. Goldner does not show the evidence is irreplaceable. The only evidence Mr. Goldner cited as exculpatory in the files are the files' records of conversations between IRS officers and Mr. Goldner regarding his tax liabilities. If these conversations happened, Mr. Goldner can substitute this evidence with testimony of the IRS officers or of himself. He also referenced conversations involving his former wife and him with the IRS officers. Mr. Goldner's former wife may also offer evidence. The evidence is not irreplaceable.