#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 21-229 |
| | : | |
| MICHAEL GOLDNER | : | |

## MEMORANDUM

**KEARNEY, J.**  May 20, 2022

Our grand jury charged Michael Goldner with one count of tax evasion and two counts of failure to file tax returns.[1] The grand jury charges Mr. Goldner evaded his tax obligations for tax years 2013 through 2017 by directing his company, Midtown Resources, to pay his restitution obligation and other personal expenses but failing to report Midtown Resources' payments as income; directing Midtown Resources to deposit compensation into a bank account bearing his wife's name; and cashing checks written to him at the bank holding the funds.[2] The grand jury further charges Mr. Goldner allegedly failed to file tax returns for tax years 2018 through 2020.[3] We begin trial on May 31, 2022.

The United States moves *in limine* to admit two categories of evidence: (1) evidence Mr. Goldner filed late "individual tax returns for the tax years from 2000 to 2012 and that the [Internal Revenue Service (IRS)] was engaged in collection efforts relating to these tax returns, including levying the income of [Mr.] Goldner's wife"; and (2) evidence Mr. Goldner directed Midtown Resources to pay his restitution but not reporting it.[4] Mr. Goldner concedes both categories of evidence are admissible, but he challenges the purposes for which the United States seeks to admit the evidence.[5]

We admit evidence of Mr. Goldner's late-filed returns and the IRS's efforts to collect liabilities resulting from those returns to prove Mr. Goldner's willfulness. We admit evidence of Mr. Goldner's unreported payments of his restitution obligation as affirmative acts of tax evasion but do not allow mention of an earlier conviction unless Defendant opens the door.

### A. We admit evidence of Mr. Goldner's late-filed returns and the IRS's efforts to collect liabilities resulting from those returns to prove Mr. Goldner's willfulness.

The United States moves *in limine* to admit evidence Mr. Goldner filed "individual tax returns for the tax years from 2000 to 2012 and that the [Internal Revenue Service (IRS)] was engaged in collection efforts relating to these tax returns, including levying the income of [Mr.] Goldner's wife."[6] The United States admits this information is character evidence because it concerns Mr. Goldner's conduct before the conduct charged by the grand jury. But the United States argues this character evidence is admissible under Federal Rule of Evidence 404(b) because the United States does not proffer the evidence for a forbidden propensity purpose. Mr. Goldner concedes the admissibility of tax debts predating the charged acts but challenges the admissibility of evidence those debts resulted from late-filed returns.[7] We admit the evidence subject to possible Rule 403 balancing and to ensure trial management under Rule 611.

Rule 404(b) prohibits "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[8] For example, Rule 404(b) precludes evidence offered to prove "the defendant is prone to commit crimes or is otherwise a bad person."[9] But character evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[10] "To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3)

satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it."[11]

We find the evidence of Mr. Goldner's late-filed returns and the IRS's collection efforts satisfy these four elements.

First, the United States proffers the evidence for the proper evidentiary purpose of proving Mr. Goldner's willfulness. The United States must prove willfulness as an element of tax evasion and failure to file tax returns.[12] Willfulness requires the United States to prove (1) the law imposed a duty on Mr. Goldner, (2) he knew the duty, and (3) he voluntarily and intentionally violated the duty.[13] "[W]illfulness may be inferred from a pattern of conduct, 'the likely effect of which would be to mislead or to conceal.'"[14] Our Court of Appeals permits admission of a "defendant's past taxpaying record" in criminal tax cases to "prove willfulness circumstantially."[15] This is because a taxpayer's non-compliance "is indicative of an intent to evade the tax system," and "intent" is a permissible purpose for Rule 404(b) evidence.[16] Judges in our Circuit routinely admit previous non-compliance with the tax laws to prove willfulness.[17] The evidence of Mr. Goldner's previous non-compliance and the IRS's collection efforts is admissible for the non-propensity purpose of proving Mr. Goldner's willfulness.

Second, the evidence is relevant. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[18] For evidence offered under Rule 404(b) to be relevant, the "proffered evidence must fit into 'a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference.'"[19] Mr. Goldner's previous late returns and tax liabilities are relevant to his willfulness because the evidence tends to prove he knew his tax obligations, but intentionally disregarded them.[20] The evidence includes no forbidden

3

propensity inference. Mr. Goldner challenges the relevance of the previous returns' lateness.[21] But the lateness of Mr. Goldner's previous returns is precisely why the returns are admissible to prove willfulness: "[A] history of **non-compliance** with the IRS" is "relevant to prove willfulness."[22] The jury may infer Mr. Goldner intended to evade his tax obligations by committing the charged conduct because he routinely ignored his tax obligations by filing late returns for over a decade.[23] Courts caution such evidence might not be relevant if the defendant does not challenge mens rea, but Mr. Goldner notified us he will challenge mens rea.[24]

Third, the evidence satisfies Rule 403. We may exclude evidence under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[25] The evidence satisfies Rule 403 because it has high probative value of proving Mr. Goldner's willfulness. Evidence tending to show Mr. Goldner knew of his tax obligations is highly probative to proving whether Mr. Goldner knew he avoided tax obligations during the charged timeframe. And evidence Mr. Goldner regularly filed his tax returns late could show he intended to evade his tax obligations by committing the charged conduct. This evidence is not unfairly prejudicial to Mr. Goldner. Evidence is **unfairly** prejudicial only if it "clouds impartial scrutiny and reasoned evaluation of the facts."[26] This evidence promotes reasoned evaluation of the facts by proving a mens rea element of the crime charged. We will ensure the evidence does not cloud the jury's impartial evaluation of the facts by issuing a limiting instruction.

Fourth, our limiting instruction will satisfy the final step of the four-part test. The parties may suggest limiting instructions in their proposed jury instructions.

We find the evidence admissible, but we may limit it during trial if it starts becoming a sideshow. We may exclude evidence under Rule 403 if its admission substantially risks "confusing the issues." We also may control testimony under Rule 611 to "avoid wasting time." We may invoke either of these rules during trial should issues of the returns' lateness devolve into "minitrials" regarding whether Mr. Goldner indeed filed returns late.[27] But Mr. Goldner today states no Rule 403 basis to exclude the returns. Nor does he challenge whether he indeed filed the returns late. It does not appear "minitrials" will develop.

### B. We admit evidence of Mr. Goldner's unreported payments of his restitution obligation as affirmative acts of tax evasion.

The United States proffers evidence of Mr. Goldner's unreported payments of his restitution obligation as affirmative acts of the charged tax evasion.[28] Mr. Goldner concedes the evidence he directed Midtown Resources to pay his restitution is admissible, but he challenges "the government's characterization of these payments as unreported income of some sort."[29] We admit the evidence.

Mr. Goldner allegedly owed almost $5 million in restitution from a 2016 conviction for wire fraud and tax evasion.[30] Mr. Goldner allegedly directed Midtown Resources to pay his restitution but did not report the payments to the IRS.[31] The United States argues Mr. Goldner's actions constitute affirmative acts designed to hide his assets from the IRS and avoid his tax obligations.[32]

This evidence is admissible to prove an affirmative act of tax evasion. The elements of tax evasion are: "1) the existence of a tax deficiency, 2) an affirmative act constituting an attempt to evade or defeat payment of the tax, and 3) willfulness."[33] An affirmative act is "anything done to mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency."[34] "Generally, affirmative acts associated with evasion of payment involve some type

5

of concealment of the taxpayer's ability to pay his or her taxes or the removal of assets from the reach of the Internal Revenue Service."[35] The proffered evidence is relevant because it tends to prove Mr. Goldner committed an affirmative act of tax evasion. The evidence is not character evidence because it is intrinsic evidence of the tax evasion crime charged.[36]

      Mr. Goldner concedes directing his company to pay his restitution obligation is admissible, but challenges the United States characterizing the payments as "unreported income." We find the payments being unreported relevant. The jury may find Midtown Resources' payments of Mr. Goldner's restitution are affirmative acts of tax evasion because Mr. Goldner hid those payments from the IRS by failing to report them.[37] Had Mr. Goldner reported the payments as income, it could suggest he did not intend to mislead the IRS. But Mr. Goldner's failure to report the payment as income tends to prove he intended to mislead the IRS by having Midtown Resources pay his personal expenses. The grand jury charged Mr. Goldner for misreporting his income.[38]

      We note the United States does not proffer Mr. Goldner's ***conviction*** which generated the restitution obligation. We find this approach reasonable. Evidence of Mr. Goldner's conviction would risk unfair prejudice.[39] It suffices for the jury to hear Mr. Goldner owed money due to a judgment; informing the jury a criminal conviction created the judgment is unnecessary.

      We admit both categories of evidence proffered by the United States.

---

[1] ECF Doc. No. 28 (charging one violation of 26 U.S.C. § 7201 and two violations of 26 U.S.C. § 7203).

[2] *Id.* at 3–4. Mr. Goldner owed restitution from a conviction for wire fraud and tax evasion before Judge McHugh. *Id.* at 1–2.

[3] *Id.* at 5.

[4] ECF Doc. No. 51.

[5] ECF Doc. No. 60.

[6] ECF Doc. No. 51 at 3.

[7] ECF Doc. No. 60 at 2.

[8] Fed. R. Evid. 404(b).

[9] *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (quoting *United States v. Taylor*, 522 F.3d 731, 735–36 (7th Cir. 2008)).

[10] Fed. R. Evid. 404(b)(2).

[11] *Green*, 617 F.3d at 249.

[12] *See United States v. McGill*, 964 F.2d 222, 229 (3d Cir. 1992) (citing 26 U.S.C. §§ 7201, 7203).

[13] *Cheek v. United States*, 498 U.S. 192, 201 (1991).

[14] *McGill*, 964 F.2d at 237 (quoting *Spies v. United States*, 317 U.S. 492, 499 (1943)).

[15] *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006) (quoting *United States v. Bok*, 156 F.3d 157, 165–66 (2d Cir. 1998)).

[16] *Bok*, 156 F.3d at 166 (cited in *Daraio*, 445 F.3d at 265).

[17] *See, e.g.*, *Daraio*, 445 F.3d at 263–66; *United States v. Berry*, 732 F. App'x 127, 132 (3d Cir. 2018) (admitting evidence of return filed the year before the relevant criminal conduct occurred to prove willfulness); *United States v. Andujar*, 209 F. App'x 162, 170 (3d Cir. 2006) (admitting defendant's "tax filing history to prove willfulness" in a case charging failure to file tax returns); *United States v. Tuka*, No. 11-0134, 2012 WL 5077379, at *2 (W.D. Pa. Oct. 18, 2012) (previous failures to file returns admitted to prove willfulness); *United States v. Joseph E. Gump*, No. 11-49, 2012 WL 4481458, at *3 (W.D. Pa. Sept. 26, 2012) (same).

[18] Fed. R. Evid. 401.

[19] *United States v. Repak*, 852 F.3d 230, 243 (3d Cir. 2017) (quoting *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013)).

[20] *See, e.g.*, *Berry*, 732 F. App'x at 132; *Daraio*, 445 F.3d at 264–65.

[21] *See* ECF Doc. No. 60 at 2 ("Mr. Goldner cannot comprehend any relationship between tardily filed earlier tax returns and his ostensible willful evasion of some subsequent tax assessment.").

[22] *See Daraio*, 445 F.3d 253 at 265 (emphasis added).

[23] *See* Fed. R. Evid. 404(b)(2) (intent is a permissible purpose).

[24] *See* ECF Doc. No. 60 at 2 ("Mr. Goldner does profess a lack of knowledge of his filing obligations.").

[25] Fed. R. Evid. 403.

[26] *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009).

[27] *See, e.g.*, *United States v. Williams*, 30 F.4th 263, 268 (5th Cir. 2022) (excluding evidence of late-filed tax returns "raising the strong possibility of minitrials over late filings and civil IRS disputes that might distract the jury from the charged conduct").

[28] ECF Doc. No. 51 at 7.

[29] ECF Doc. No. 60 at 3.

[30] *See* ECF Doc. No. 51 at 7.

[31] *Id.*

[32] *Id.*

[33] *McGill*, 964 F.2d at 229.

[34] *Id.* at 230.

[35] *Id.*

[36] *See Green*, 617 F.3d at 249 (evidence is intrinsic if it (1) "directly proves the charged offense" or (2) constitutes "uncharged acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime").

[37] *See, e.g.*, *United States v. Gorrell*, 922 F.3d 1117, 1125 (10th Cir. 2019) (citing *United States v. Vernon*, 814 F.3d 1091, 1096–97, 1101 (10th Cir. 2016)) ("[U]sing a shell corporation to fund personal expenses is an affirmative act of evasion.") (and compiling similar cases); *United States v. Ringwalt*, 213 F. Supp. 2d 499, 505 (E.D. Pa. 2002) (funding personal expenses with business funds may constitute an affirmative act of tax evasion), *aff'd*, 66 F. App'x 446 (3d Cir. 2003).

---

[38] *See* ECF Doc. No. 28 at 3 ¶ 10, 12(d).

[39] *See, e.g.*, *United States v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014) (the "prejudicial impact" of character evidence "is only heightened when character evidence is admitted in the form of a prior criminal conviction, especially a prior conviction for the same crime as that being tried").