IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 21-229 |
| | : | |
| MICHAEL GOLDNER | : | |

# ORDER

**AND NOW**, this 20th day of May 2022, upon reviewing the United States' Motion *in limine* (ECF Doc. No. 51) to admit evidence of Defendant's previous late-filed tax returns and the Internal Revenue Service's efforts to collect previous tax liabilities, and evidence Defendant directed his company to pay his restitution obligation but did not report the payments as income, Defendant's Response (ECF Doc. No. 60), and for reasons in the accompanying Memorandum, it is **ORDERED** the United States' Motion (ECF Doc. No. 51) is **GRANTED** allowing the parties to admit evidence of:

1. Defendant's late-filed tax returns from tax years 2000 to 2012 and the Internal Revenue Service's collection efforts relating to these tax returns, including levying the income of Defendant's wife, subject to potential exclusion under Federal Rules of Evidence 403 and 611 during trial should the United States waste time or create a mini-trial on this timing issue; and,

2. Defendant's company paying Defendant's restitution obligation and he did not report the payments as income but **exclude** Defendant's criminal conviction generating his restitution obligation.

**KEARNEY, J.**