IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 21-229 |
| | : | |
| MICHAEL GOLDNER | : | |

## MEMORANDUM

**KEARNEY, J.**    February 6, 2024

    We sentenced Michael Goldner fourteen months to forty months of incarceration after a jury found him guilty of committing several tax offenses while on a probation sentence imposed by Judge McHugh. We varied downward from the then-recommended forty-six to fifty-seven months incarceration.

    Mr. Goldner moves for a further reduced sentence under a recent amendment to the Sentencing Guidelines allowing federal sentencing judges to reduce earlier sentences if the convicted person committed the offense while under a criminal justice sentence. The Sentencing Commission eliminated the two-point criminal history score increase where the defendant committed the instant offense while on probation requiring we reduce the defendant's criminal history score by two points. But the Sentencing Commission does not allow us to lower the sentence retroactively to a term less than the minimum of the amended guidelines range now set at a lower criminal history score level.

    The Sentencing Commission prevents us from reducing Mr. Goldner's sentence even with his criminal history score reduction. Mr. Goldner's amended guidelines range would only now allow us to now sentence him to forty-one to fifty-one months incarceration. We sentenced

Mr. Goldner to forty months incarceration. The new sentencing recommendations do not apply. We deny his motion for reduction.

I.  **Background**

Our Grand Jury returned a three-count superseding indictment against Michael Goldner charging him with one count of tax evasion and two counts of failure to file an income tax return.[1] He engaged in this conduct while serving a sentence of probation imposed by Judge McHugh. Mr. Goldner proceeded to trial and the jury returned a guilty verdict on all counts on June 3, 2022.[2]

Mr. Goldner agreed to the probation officer's and his attorney's calculation of an offense level of twenty-two and a criminal history score of three rendering a criminal history category of II. Mr. Goldner's criminal history score increased from one to three because he committed tax evasion while on probation in a separate criminal matter. The Sentencing Commission then recommended we sentence Mr. Goldner to forty-six to fifty-seven months of imprisonment. We sentenced Mr. Goldner to forty months incarceration and three years supervised release on November 7, 2022.[3] Mr. Goldner's term of incarceration will end on November 1, 2028.[4]

II.  **Analysis**

Mr. Goldner now seeks a reduction of sentence.[5] Mr. Goldner argues the Sentencing Commission's Amendment 821 creates an extraordinary and compelling reason warranting a reduced sentence.[6] Mr. Goldner acknowledges our original sentence remains below his amended guidelines range even after applying the two-point criminal history score reduction.[7] But Mr. Goldner argues our original sentence is "overly punitive" considering this amended range.[8]

The United States counters Mr. Goldner admits he cannot seek relief through Amendment 821 because his originally imposed sentence falls below the minimum set in the amended guideline range.[9]

2

The Sentencing Commission's two-point criminal history score reduction applies to Mr. Goldner. But reducing his criminal history score has no bearing on our ability to reduce Mr. Goldner's sentence. The Sentencing Commission prevents us from lowering Mr. Goldner's sentence "to a term that is less than the minimum of the amended guideline range."[10] Mr. Goldner agreed with the calculation of a criminal offense level of twenty-two and a criminal history score of three placing Mr. Goldner in category II when we sentenced him on November 7, 2022.[11] The Sentencing Commission then recommended forty-six months to fifty-seven months incarceration. We sentenced Mr. Goldner to forty months incarceration and three years supervised release.[12] Applying the Sentencing Commission's two-point criminal history score reduction amends Mr. Goldner's criminal history score to 1 and category I. The Sentencing Guidelines range for a criminal offense level of twenty-two and criminal history category of I is forty-one months to fifty-one months incarceration. The Sentencing Commission's Policy Statement 1B1.10(b)(2)(A) prevents us from re-sentencing Mr. Goldner below the forty-one-month low-end of his amended sentence range. We sentenced Mr. Goldner to forty months. We lack a basis to reduce the sentence below forty months.

**III.    Conclusion**

Michael Goldner moves for a reduced sentence citing the Sentencing Commission's newly issued two-point criminal history score reduction amendment. Mr. Goldner cannot seek relief under the new amendment because his original sentence remains below his amended sentence range. We deny Mr. Goldner's motion for reduction of sentence.

---

[1] ECF No. 28 at 1–5.

[2] ECF No. 73.

---

[3] ECF No. 87 at 2–3.

[4] Judge McHugh revoked Mr. Goldner's probation after we sentenced Mr. Goldner. ECF No. 114 at 5. Judge McHugh sentenced Mr. Goldner to forty-eight months imprisonment for violating his probation terms. *Id.*

[5] *See* ECF No. 114.

[6] *Id.* at 7–8.

[7] *See id.* at 7 ("The Court analyzed and applied each § 3553(a) factor and sentenced Mr. Golder to an aggregate penalty of forty months . . . The bottom of [Mr. Goldner's amended] Guidelines range decreased by five months—from forty-six to forty-one months.").

[8] *Id.* Mr. Goldner also argues we consider our sentence considering Judge McHugh's sentence. Judge McHugh sentenced Mr. Goldner to forty-eight months incarceration for violating the terms of his probation by committing the instant offenses. *Id.* Mr. Goldner does not explain how another judge's sentence implicates an extraordinary and compelling reason warranting release nor does Mr. Goldner explain how Amendment 821 impacts Judge McHugh's sentence. *See id.*

[9] ECF No. 116 at 1–2.

[10] U.S.S.G. § 1B1.10(b)(2)(A).

[11] ECF No. 87 at 2–3.

[12] *Id.*

4