**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 21-229** |
| | : | |
| **MICHAEL GOLDNER** | : | |

# MEMORANDUM

**KEARNEY, J.** **July 2, 2024**

A jury found financial professional Michael Goldner guilty of three federal financial crimes based on overwhelming evidence. We then varied downward and sentenced Mr. Goldner to forty months of incarceration. He appealed. The Court of Appeals affirmed our judgment based on the jury's verdict. Mr. Goldner hired a new lawyer who now asks we alter the presentence investigation report to include information Mr. Goldner chose to not disclose to the probation officer during the presentence investigation. He also chose to not tell us about this information when we specifically asked him if he wanted to add more information at sentencing. Mr. Goldner also now asks us to vacate the jury's verdict arguing his experienced trial counsel provided constitutionally ineffective assistance by not calling his former employer as a defense witness after advising the jury he may call the employer during an opening statement. We are not persuaded by either argument. He repeatedly waived his rights to add an addiction history to his presentence reports. He also offers no credible basis to challenge his counsel's representation. He offers no possible prejudice in mentioning a potential witness and then deciding to not call witnesses after hearing the United States' overwhelming evidence of guilt. We deny Mr. Goldner's motion for relief.

## I. Background

Our Grand Jury charged financial professional Michael Goldner in June 2021 with one count of tax evasion and two counts of failure to file tax returns.[1] We proceeded to trial after several months of discovery.[2] The United States presented overwhelming evidence of Mr. Goldner's unlawful conduct after he admitted he owed taxes for tax years 2013–2017 and failed to file tax returns in tax years 2018 and 2019. Mr. Goldner's experienced trial counsel offered an opening statement including mentioning he may call Mr. Goldner's employer to testify in Defendant's case.[3]

The evidence developed. The issue became whether a jury could find Mr. Goldner acted willfully. The United States introduced three days of testimony including from Internal Revenue Service employees, Mr. Goldner's accountant, Mr. Goldner's employer's accountant, and multiple vendors Mr. Goldner paid through his employer for his personal expenses.[4] The issue never became what Mr. Goldner's employer intended.

Mr. Goldner moved for a judgment of acquittal on the tax evasion claim.[5] We denied his motion finding the United States introduced sufficient evidence Mr. Goldner engaged in a pattern of using cash and funding his lifestyle through his employer's accounts to meet the elements of tax evasion.[6] We proceeded to closing arguments focused on whether Mr. Goldner willfully violated federal law. Mr. Goldner's counsel did not call Mr. Goldner's employer during trial. The Jury convicted Mr. Goldner on the three counts.[7]

We ordered a presentence investigation report.[8] We provided the presentence investigation report to Mr. Goldner and his counsel. They offered comments and edits to the probation officer. We proceeded to schedule sentencing.[9] We asked Mr. Goldner if he wanted to correct anything in the presentence investigation report he believed to be factually inaccurate or add any necessary information.[10] He said no.[11] The presentence investigation report represented

the facts as disclosed to the probation officer and then shared with Mr. Goldner before our review.

We sentenced Mr. Goldner to forty months of imprisonment. Our sentence varied below the Guidelines range.[12] Mr. Goldner appealed arguing the United States did not present legally sufficient evidence and we erred in denying Mr. Goldner's Motion to strike surplusage from the Indictment.[13] Our Court of Appeals affirmed last December.[14]

## II. Analysis

Mr. Goldner now returns with new counsel moving to vacate, set aside, or correct his sentence. He argues we should amend the presentence investigation report because Mr. Goldner did not tell the probation officer he consistently abused drugs and alcohol from June 2020 to June 2021. He also claims his experienced trial counsel offered ineffective assistance of counsel by failing to call Mr. Goldner's employer as a witness after mentioning him in the opening statement. We find neither ground sufficient to grant relief.

Congress allows a person convicted in federal court to file a habeas petition moving to vacate, set aside, or correct his sentence in four circumstances: (1) the sentence imposed violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence is in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[15] We may only vacate a sentence if we find "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[16] A federal habeas petition is available only when "the claimed error of law was a fundamental

defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent."[17]

**A. Mr. Goldner's decision to not disclose his addiction is not grounds to amend the presentence investigation report.**

Mr. Goldner argues we should amend his presentence investigation report to reflect his consistent abuse of drugs and alcohol in 2020 and 2021. He theorizes this change may allow him to enroll in the Bureau of Prison's Residential Drug Abuse Program. We find no basis to amend the presentence investigation report based on Mr. Goldner's omissions.

Mr. Goldner decided not to tell the probation officer of his consistent abuse of drugs and alcohol in 2020 and 2021. Mr. Goldner now curiously complains of his decision suggesting the probation officer did not include information apparently unknown to him in the presentence investigation report. Mr. Goldner then complains he is unable to enter a program in prison under the Bureau's Residential Drug and Alcohol Program because of the information omitted from the report. We find several problems with his argument. Mr. Goldner decided not to tell the probation officer about his drug and alcohol addiction. He also then decided not to contest the absence of this information from his presentence investigation report either before sentencing or during the sentencing hearing.

Mr. Goldner's decision to not tell the probation officer of his drug and alcohol addiction is not grounds to correct his sentence let alone vacate or set aside his forty months of incarceration. Mr. Goldner does not show us nor can we find a case where a convicted person who did not disclose information for his presentence investigation report can then turn around and complain the presentence investigation reports omits information necessary for him to receive a different security level or program while incarcerated. Mr. Goldner offers no guidance.

We are mindful our Court of Appeals and colleagues do not allow habeas relief based on challenges to a presentence investigation report containing an incorrect career-offender designation under the advisory Sentencing Guidelines let alone for an omission created by Mr. Goldner's decision not to disclose his drug and alcohol addiction.[18] We are not aware of any case in which a judge finds a defendant's decision not to disclose this information to be an error so fundamentally defective as to constitute a complete miscarriage of justice. Congress through section 2255 does not offer a remedy from a sentence because of an alleged error in the presentence investigation report caused by information the defendant did not disclose to the probation officer. We see no basis to find a risk of miscarriage of justice. Mr. Goldner seeks this relief only to be accepted into the Bureau of Prisons residential treatment program which may allow him an earlier release from incarceration. But even if we could amend his sentence, the Bureau of Prisons decides if he can participate in the program and offers no guarantee of early release.

We preside over sentencing hearings intending to exhaust all the concerns of a convicted person. We specifically ask the defendant whether he has further additions or corrections. We ask this question to make sure we have everything necessary to reach a decision consistent with the United States sentencing policy. We asked this question to Mr. Goldner. He told us he did not need to change or add anything to his presentence investigation report.

We have no basis to vacate, set aside or correct a sentence based on an omission in a presentence investigation report because Mr. Goldner decided not to disclose his addiction and thus not included in this report.

**B. Mr. Goldner offers no basis to find trial counsel provided constitutionally ineffective assistance.**

Mr. Goldner then reaches to argue his experienced trial attorney provided constitutionally ineffective assistance of counsel by representing in his opening statement he intended to call Mr. Goldner's employer as a witness then declining to do so after hearing the United States' evidence. The United States opposes this theory arguing Mr. Goldner has not come close to meeting his burden of proving ineffective assistance. We agree with the United States and find no basis for ineffective assistance of counsel based on trial counsel's strategic decision not to call an employer as a witness.

We evaluate ineffective assistance of counsel claims in violation of the Sixth Amendment under the two-part test of *Strickland v. Washington*: counsel is presumed effective unless Mr. Goldner establishes: (1) deficient performance by counsel; and (2) the deficient performance prejudiced the defense.[19] Under *Strickland's* performance prong, counsel's representation "must fall 'below an objective standard of reasonableness considering all the circumstances.'"[20] Mr. Goldner must show his counsel did not engage in "sound trial strategy."[21] Under the prejudice prong, Mr. Goldner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[22] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[23] Mr. Goldner fails to meet either prong of *Strickland*.

Mr. Goldner does not persuade us his experienced trial counsel did not engage in sound trial strategy when he decided not to call Mr. Goldner's employer as a witness. The jury found the United States had proven tax evasion and failure to file tax returns beyond a reasonable doubt with overwhelming evidence of Mr. Goldner's criminal conduct in connection with his tax returns. Mr. Goldner's counsel effectively cross-examined these witnesses. We repeatedly

reminded the jury the burden of proof on all elements of the charges remain with the United States and Mr. Goldner need not present evidence. We could not find Mr. Goldner's trial counsel did not provide constitutional ineffective assistance based on the overwhelming evidence. But we are particularly persuaded there can be no possible prejudice arising from trial counsel's strategic decision under *Strickland*.

Mr. Goldner's counsel did not produce Mr. Goldner's employer as a witness but there is no basis to find prejudice from this decision. Mr. Goldner offers no basis to believe anyone relied upon the opening statement offer of a later witness. We instructed the jury to disregard the opening statements and closing arguments and focus on the evidence. The United States never addressed Mr. Goldner's employer during its case. Mr. Goldner offers us no basis to believe his former employer would offer evidence to contradict the overwhelming evidence of guilt on the three charges. We suspect Mr. Goldner believes his former employer would testify some of the challenged money was properly classified as a loan or income and the company would confirm they did not pay income but instead a loan. The United States did not need to prove Mr. Goldner's employer paid additional income; rather the United States only needed to prove the tax due from earlier years (Mr. Goldner willfully hid his ability to pay these earlier assessed tax liabilities). Mr. Goldner's employer's view of his company's payments do not relate to this analysis.

Mr. Goldner also does not offer a reason why we can find trial counsel's mentioning of a defense witness would have led to the jury finding a different result given the overwhelming evidence. Mr. Goldner suggests without citation the jury "probably inferred" he did not testify because of some unwillingness to do so. He then uses this speculation to suggest the defense counsel's promise the witness would testify represented part of an unsuccessful effort to pressure

the witness to lie under oath.[24] This double guesswork is purely speculative. There is no ability to find Mr. Goldner's former employer's testimony would establish a reasonable probability of undermining the outcome or the jury's verdict would have been different if not for this decision. Our Court of Appeals in *Gray* made clear we cannot base this prejudice showing on "mere speculation about what the witnesses [the attorney] failed to locate might have said."[25]

We are further mindful "we must assess this evidence in relation to the record as a whole, to determine whether there is a reasonable probability that such evidence, if presented to a jury acting 'conscientiously . . . and impartially,' would have led the jury to have a 'reasonable doubt' respecting [Mr. Goldner's] guilt."[26] Mr. Goldner offers no basis through affidavit or other support suggesting the former employer would testify consistent with his counsel's representation. We have no basis to guess whether he was available to do so. And to then guess his testimony would affect the jury's evaluation of overwhelming evidence.

We find no basis to find Mr. Goldner's experienced trial counsel provided constitutionally ineffective assistance when he decided not to present Mr. Goldner's former employer. We have no evidence as to what the employer might have said and no basis to find testimony what the employer believes would have affected the elements of the charges.

**C. We find no basis for an evidentiary hearing.**

Congress in section 2255(b) requires us to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[27] The record conclusively demonstrates Mr. Goldner is not entitled to relief under section 2255. We find no need for an evidentiary hearing.

### D. We find no basis for a certificate of appealability.

An appeal may not be taken to our Court of Appeals from a "final order in a proceeding under section 2255" unless we issue a certificate of appealability.[28] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[29] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[30] We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our conclusion Mr. Goldner does not state a ground for relief.

## III. Conclusion

We deny Mr. Goldner's petition to set aside or alter his sentence based upon his decision to omit evidence concerning his addiction to the probation officer and thus not ending up in the presentence investigation report. We find no basis to alter the verdict based upon purely speculative argument regarding what the jury might have done had Mr. Goldner's experienced privately retained trial lawyer presented his employer's testimony. We have no basis for assessing what the employer would say or how it would affect, even in a limited or minor way, the elements to the charge. We find no basis for an evidentiary hearing or a certificate of appealability.

---

[1] ECF No. 1.

[2] ECF No. 67.

---

[3] ECF No. 105 at 28 ([“[Y]ou’re going to hear from the owner, and the owner is going to tell you that all the money that was spent or paid for by Midtown was paid for on his watch with his knowledge, and it was classified either as income or a loan to Mr. Goldner.”); *Id.* at 29 (“Well, I expect the owner of the company, Joseph Camarata is going to testify”).

[4] ECF Nos. 105–107.

[5] ECF No. 107 at 168.

[6] ECF No. 71.

[7] ECF No. 73.

[8] ECF No. 75.

[9] ECF No. 81.

[10] ECF No. 90 at 10:9–12, 16–17.

[11] *Id.* at 10:13–15, 18–19.

[12] ECF No. 87.

[13] *United States v. Goldner*, No. 22-3183, ECF No. 13 (3d Cir. March 20, 2023).

[14] *Id.*, ECF No. 42 (3d Cir. Dec. 7, 2023).

[15] 28 U.S.C. § 2255(a).

[16] *Id.* § 2255(b).

[17] *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)) (cleaned up).

[18] *See United States v. Folk*, 954 F.3d 597, 609 (3d Cir. 2020) (holding an incarcerated person’s challenge to an incorrect career-offender designation under the advisory Sentencing Guidelines is not cognizable under section 2255); *United States v. Stern*, No. 16-583, 2023 WL 3259459, at *4 (E.D. Pa. May 4, 2023); *Sokolow v. United States*, No. 98-0764, 1998 U.S. Dist. LEXIS 22605, at *12 (E.D. Pa. Nov. 23, 1998) (“[A] petitioner is not entitled to relief by merely alleging inaccuracies in the PSR.”).

[19] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[20] *McKernan v. Superintendent Smithfield SCI*, 849 F.3d 557, 564 (3d Cir. 2017) (quoting *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005)).

---

[21] *Strickland*, 466 U.S. at 689.

[22] *Id.* at 694.

[23] *United States v. Arrington*, 13 F.4th 331, 335 (3d Cir. 2021) (quoting *Strickland*, 466 U.S. at 694).

[24] ECF No. 119 at 14.

[25] *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989) (citation omitted).

[26] *Id.* at 713 (citations omitted).

[27] 28 U.S.C. § 2255(b).

[28] 28 U.S.C. § 2253(c)(1)(B).

[29] *Id.* § 2253(c)(2).

[30] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).